BRIAN W. SKALSKY (SBN 277883)
*brian.skalsky@fmglaw.com*
JUSTIN BLAYLOCK (SBN 315823)
*Justin.blaylock@fmglaw.com*
**FREEMAN MATHIS & GARY, LLP**
3030 Old Ranch Parkway, Suite 200
Seal Beach, California 90740
Tel: (562) 583-2124
Fax:   (424) 350-3842

*Attorneys for Defendants*
KASMIT COVIT and AUTOZONE PARTS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| GORDON BOWLLER,<br><br>            Plaintiff,<br><br>      v.<br><br>KASMIT COVIT, AUTOZONE PARTS, INC., and DOES 1 through 10,<br><br>      Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441** |

PLEASE TAKE NOTICE that Defendants, KASMIT COVIT and AUTOZONE PARTS, INC. hereby remove the above-captioned action from the Superior Court of the State of California, Los Angeles County, where it is currently pending as Case No. 20STCV38039, to the United States District Court for the Central District of California, Western Division.

Removal is warranted under 28 U.S.C. §1441(b) because this is a civil action over which this Court has subject matter jurisdiction under 28 U.S.C. §1332, on the grounds that complete diversity exists between the parties and the amount in controversy exceeds the sum of $75,000.

Plaintiff is a resident of Los Angeles County in the State of California. Defendant AUTOZONE PARTS, INC. (hereinafter "AUTOZONE"), a

**FREEMAN MATHIS & GARY, LLP**
550 South Hope Street, 22nd Floor
Los Angeles, California 90071

corporate entity, is a Nevada Corporation with its principal place of business in Nashville, Tennessee and is therefore a citizen of the State of Nevada and Tennessee for purposes of determining diversity.  Defendant, KASMIT COVIT (hereinafter "COVIT") has now recently become a resident of the State of Texas, as he has moved out of the State of California as of December 13, 2022. Pursuant to 28 U.S.C. §1332(c)(l) full diversity exists among the parties in this action since Defendants are incorporated and maintain their respective places of business in a different state than where Plaintiff is a citizen.

## BACKGROUND

On or about October 2, 2022, Plaintiff, GORDON BOWLLER filed an action in the Superior Court of the State of California in the County of Los Angeles, entitled *Gordon Bowller v. Kasmit Covit, Autozone Parts, Inc., and DOES 1 to 10; Case No. 20STCV38039.* Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants AUTOZONE and COVIT (collectively "DEFENDANTS") are attached hereto as **Exhibit A**. Plaintiff's complaint asserts causes of action for motor vehicle personal injury and general negligence against DEFENDANTS.

On or about February 4, 2022, Plaintiff had AUTOZONE, a corporate entity, was served with the Complaint via personal service on its respective agent for service of process in California.  On or about January 30, 2022, Plaintiff had COVIT served with the Complaint via personal service. On or about February 18, 2022, DEFENDANTS filed an Answer in the State Court action, a copy of which is attached hereto as **Exhibit B**.

## GROUNDS FOR REMOVAL

This is a civil action over which this Court has subject matter jurisdiction under 28 U.S.C. §1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States and in which

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441

FREEMAN MATHIS & GARY, LLP
550 South Hope Street, 22nd Floor
Los Angeles, California 90071

citizens or subjects of a foreign state are additional parties[.]"  This matter first became removable to Federal Court on December 13, 2022 when Defendant Kasmit Covit moved from California to Texas.

## AMOUNT IN CONTROVERSY

The amount in controversy exceeds $75,000.00, as evidenced by Plaintiff's Complaint, which alleges he suffered from bodily injuries, loss of use of property, hospital and medical expenses, wage loss, general damages, property damage, and loss of earning capacity as a result of a motor vehicle accident between AUTOZONE employee COVIT and Plaintiff in an amount which exceeds $75,000.

## DIVERSITY OF CITIZENSHIP

Upon information and belief, Plaintiff GORDON BOWLLER resides in the County of Los Angeles, in the State of California, and, as such, is a resident of the State of California. Defendant AUTOZONE PARTS, INC.  is a Nevada Corporation with its principal place of business in Nashville, Tennessee, and is therefore a citizen of the State of Nevada and Tennessee for purposes of determining diversity.   Defendant Kasmit Covit moved from California to Brownsville, Texas on December 13, 2022 and is now a resident of the State of Texas.   Thus, diversity amongst the parties exists.

Both Defendant AUTOZONE PARTS, INC. and Defendant Kasmit Covit consent to the removal to federal court.  Defendant Kasmit Covit was first served with this lawsuit on January 30, 2022, and Defendant AUTOZONE PARTS, INC. was first served with this lawsuit on February 4, 2022.  Defendants filed their Answer on February 18, 2022.  Not more than one year has passed since Defendants were served with the lawsuit.  Not more than one year has passed since Defendants filed their Answer in State Court, prior to

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant COSTCO are attached hereto as **Exhibit A**. Pursuant to 28

FREEMAN MATHIS & GARY, LLP
550 South Hope Street, 22nd Floor
Los Angeles, California 90071

3

1  U.S.C. § 1446(d), a Notice to Adverse Parties of Removal to Federal Court,

2  attached hereto as **Exhibit B**, together with this Notice of Removal, is being

3  served upon counsel for Plaintiff and will be filed with the Clerk of the Superior

4  Court of the State of California, County of Los Angeles.

5    Based on the foregoing, this Court has jurisdiction over this action. No

6  previous application has been made for the relief requested herein. Accordingly,

7  this action is properly removed.

8    WHEREFORE, Defendant, files this Notice of Removal so that the entire

9  action *Gordon Bowller v. Kamit Covit, Autozone Parts, Inc.; and DOES 1 to 10;*

10  *Case No. 20STCV38039*, now pending in the Superior Court of California, Los

11  Angeles County, shall be removed to this Court for all further proceedings.

12

13  Dated: January 10, 2023      **FREEMAN MATHIS & GARY, LLP**

14

15         By:   _____

16            BRIAN W. SKALSKY, ESQ.

17            JUSTIN BLAYLOCK, ESQ.
             *Attorneys for Defendants*

18            KASMIT COVIT and AUTOZONE
             PARTS, INC.

19

20

21

22

23

24

25

26

27

28

**FREEMAN MATHIS & GARY, LLP**
550 South Hope Street, 22nd Floor
Los Angeles, California 90071

4

# EXHIBIT "A"

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Kasmit Covit, Autozone Parts, Inc., and DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Gordon Bowller

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>(El nombre y dirección de la corte es:) Superior Court of California<br>111 North Hill St. Los Angeles, CA 90012<br>Stanley Mosk Courthouse | CASE NUMBER:<br>(Número del Caso:)<br>20STCV38039 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David M. Shaby II & Associates, APC, 11949 Jefferson Blvd. Ste. 104, Culver City, CA 90230 (310) 827-7171

| DATE: 10/02/2020<br>(Fecha) | Clerk, by<br>(Secretario) | Sherri R. Carter Executive Officer / Clerk of Court<br>H. Flores-Hernandez | , Deputy<br>(Adjunto) |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* AUTO ZONE PARTS, INC.

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☒ by personal delivery on *(date):* 2-4-22

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|

American LegalNet, Inc.

Assigned for all purpose to: Spring Street Courthouse, Judicial Officer: Danie Rowley

**PLD-PI-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| David M. Shaby II (#97871); R. Christopher Harshman (#248214) David M. Shaby II & Associates, APC 11949 Jefferson Blvd., Ste. 104 Culver City, CA 90230 | |

TELEPHONE NO.: (310) 827-7171    FAX NO. *(Optional):* (310) 822-8529

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):* Plaintiff, Gordon Bowwler

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hilll Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF: Gordon Bowller

DEFENDANT: Kasmir Covit, Autozone Parts, Inc.

[ X ] DOES 1 TO 10

| **COMPLAINT—Personal Injury, Property Damage, Wrongful Death** | CASE NUMBER: |
|---|---|
| [ ] AMENDED *(Number):* | 20STCV38039 |

Type *(check all that apply):*
[ X ] MOTOR VEHICLE   [ ] OTHER *(specify):*
    [ X ] Property Damage   [ ] Wrongful Death
    [ X ] Personal Injury   [ ] Other Damages *(specify):*

Jurisdiction *(check all that apply):*
[ ] ACTION IS A LIMITED CIVIL CASE
    Amount demanded   [ ] does not exceed $10,000
                  [ ] exceeds $10,000, but does not exceed $25,000
[ X ] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

1. **Plaintiff** *(name or names):* Gordon Bowller

   alleges causes of action against **defendant** *(name or names):*

   Kasmir Covit. Autozone Parts. Inc.. and DOES 1-10

2. This pleading, including attachments and exhibits, consists of the following number of pages: 5

3. Each plaintiff named above is a competent adult
   a. [ ] **except** plaintiff *(name):*
        (1) [ ] a corporation qualified to do business in California
        (2) [ ] an unincorporated entity *(describe):*
        (3) [ ] a public entity *(describe):*
        (4) [ ] a minor   [ ] an adult
            (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
            (b) [ ] other *(specify):*
        (5) [ ] other *(specify):*
   b. [ ] **except** plaintiff *(name):*
        (1) [ ] a corporation qualified to do business in California
        (2) [ ] an unincorporated entity *(describe):*
        (3) [ ] a public entity *(describe):*
        (4) [ ] a minor   [ ] an adult
            (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
            (b) [ ] other *(specify):*
        (5) [ ] other *(specify):*

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 (Rev. January 1, 2007)

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courts.ca.gov

**PLD-PI-001**

| SHORT TITLE:<br>Bowller v. Covit, et al. | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name):*

    is doing business under the fictitious name *(specify):*

    and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

  a. ☒ **except** defendant *(name):* Autozone Parts, Inc.

    (1) ☐ a business organization, form unknown

    (2) ☒ a corporation

    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

  c. ☐ **except** defendant *(name):*

    (1) ☐ a business organization, form unknown

    (2) ☐ a corporation

    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

  b. ☐ **except** defendant *(name):*

    (1) ☐ a business organization, form unknown

    (2) ☐ a corporation

    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

  d. ☐ **except** defendant *(name):*

    (1) ☐ a business organization, form unknown

    (2) ☐ a corporation

    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

  ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.

  a. ☒ Doe defendants *(specify Doe numbers):* 1-5 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.

  b. ☒ Doe defendants *(specify Doe numbers):* 6-10 _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because

  a. ☐ at least one defendant now resides in its jurisdictional area.

  b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.

  c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.

  d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, **and**

  a. ☐ has complied with applicable claims statutes, **or**

  b. ☐ is excused from complying because *(specify):*

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

**PLD-PI-001**

| SHORT TITLE:<br>Bowller v. Covit, et al. | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:

a. [ x ]  Motor Vehicle

b. [ x ]  General Negligence

c. [ ]  Intentional Tort

d. [ ]  Products Liability

e. [ ]  Premises Liability

f. [ ]  other *(specify)*:

11. Plaintiff has suffered

a. [ x ]  wage loss

b. [ x ]  loss of use of property

c. [ x ]  hospital and medical expenses

d. [ x ]  general damage

e. [ x ]  property damage

f. [ x ]  loss of earning capacity

g. [ ]  other damage *(specify)*:

12. [ ]  The damages claimed for wrongful death and the relationships of plaintiff to the deceased are

a. [ ]  listed in Attachment 12.

b. [ ]  as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

a.    (1) [ x ]  compensatory damages

(2) [ ]  punitive damages

The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:

(1) [ x ]  according to proof

(2) [ ]  in the amount of: $

15. [ x ] The paragraphs of this complaint alleged on information and belief are as follows  *(specify paragraph numbers)*:

5

Date: October 2, 2020

David M. Shaby II

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

PLD-PI-001(1)

| SHORT TITLE:<br>Bowller v. Covit, et al. | CASE NUMBER: |
| --- | --- |

First _____   **CAUSE OF ACTION—Motor Vehicle**
     (number)

ATTACHMENT TO  [ x ] Complaint   [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name):* Gordon Bowller

MV- 1. Plaintiff alleges the acts of defendants were negligent; the acts were the legal (proximate) cause of injuries and damages to plaintiff; the acts occurred

on *(date):* November 3, 2018

at *(place):*

20000 Block of Vermont Ave. at the intersection with Del Amo Blvd. in the city of Hawthorne, CA 90502

MV- 2. DEFENDANTS

a.  [ x ]  The defendants who operated a motor vehicle are *(names):*
    Kasmir Covit and/or

    [ x ] Does  1 _____ to  10 _____

b.  [ x ]  The defendants who employed the persons who operated a motor vehicle in the course of their employment are *(names):*
    Autozone Parts, Inc. and/or

    [ x ] Does  1 _____ to  10 _____

c.  [ x ]  The defendants who owned the motor vehicle which was operated with their permission are *(names):*
    Autozone Parts, Inc. and/or

    [ x ] Does  1 _____ to  10 _____

d.  [ x ]  The defendants who entrusted the motor vehicle are *(names):*
    Autozone Parts, Inc. and/or

    [ x ] Does  1 _____ to  10 _____

e.  [ x ]  The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names):*
    Kasmir Covit and/or

    [ x ] Does  1 _____ to  10 _____

f.  [ x ]  The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
    [ ] listed in Attachment MV-2f  [ x ] as follows:

    Under the doctrine of respondeat superior, as Kasmir Covit and DOES 1-10 were employees of Autozone Parts, Inc. and/or DOES 1-10, and Kasmir Covit and/or DOES 1-10 were acting within the scope of their employment when they committed the negligent acts complained of herein.

    [ x ] Does  1 _____ to  10 _____

**Page** 4

Page 1 of 1

PLD-PI-001(2)

| SHORT TITLE:<br>Bowller v. Covit, et al. | CASE NUMBER: |
|---|---|

<u>Second</u>                    **CAUSE OF ACTION—General Negligence**        Page 5
            (number)

ATTACHMENT TO [X] Complaint        [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*:  Gordon Bowller

alleges that defendant *(name)*: Kasmir Covit and

[x] Does        1_____        to 10_____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date)*: November 3, 2018

at *(place)*: 20000 Block of Vermont Ave. at the intersection with Del Amo Blvd. in the city of Hawthorne, CA 90502

*(description of reasons for liability):*

Defendant Kasmir Covit ("Defendant") negligently operated a 2018 Chevrolet Colorado (the "Truck"), owned by defendant Autozone Parts, Inc. ("Autozone") on the date and time set forth above, at the location set forth above, as follows:

While Plaintiff Gordon Bowller ("Bowller") was driving his 2018 Mercedes AMG C63 S coupe ("Mercedes") northbound on Vermont Avenue at approximately 35 MPH and approaching the intersection of Del Amo Boulevard with a green light, Defendant, failing to yield the right of way to traffic approaching from the opposite direction, pulled into the intersection in the Truck and attempted to make a left turn in front of Mr. Bowller in his Mercedes. In so doing, Defendant violated Cal. Veh. Code § 21801(a). As a result of the Defendant's unsafe, negligent operation of the Truck, Mr. Bowller has incurred property damage and have sustained personal injuries.

At all times hereinafter mentioned each Defendant was an agent and/or an employee of each and every other Defendant, and in doing the acts herein-alleged, was acting within the course and scope of said agency and/or employment; specifically, and without limitation, Defendant was an agent and/or employee of Autozone and/or DOES 1-10, and was acting within the course and scope of his employment when he caused the above-described collision.

Plaintiff respectfully prays for compensatory damages and for such other and further relief as the Court may deem just and proper.

Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001(2) [Rev. January 1, 2007]        **CAUSE OF ACTION—General Negligence**        Code of Civil Procedure 425.12<br>www.courts.ca.gov

ctronically FILED by Superior Court of California, County of Los Angeles on 10/02/2020 05:36:08 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez, Deputy Clerk

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>David M. Shaby II (97871); R. Christopher Harshman (248214)<br>David M. Shaby II & Associates, APC<br>11949 Jefferson Blvd. Ste. 104<br>Culver City, CA 90230<br>TELEPHONE NO.: (310) 827-7171    FAX NO.: (310) 822-8529<br>ATTORNEY FOR *(Name):* Plaintiff, Gordon Bowller | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Bowller v. Covit, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000)    ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 20STCV38039 |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☑ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 2; Motor Vehicle; General Negligence
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 2, 2020

David M. Shaby II
_____   ▶   _____
(TYPE OR PRINT NAME)                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
  Property Damage/Wrongful Death)
  Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
  Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Bowller v. Covit, et al. | CASE NUMBER | 20STCV38039 |
|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|---|
| **Auto Tort** | Auto (22) | ☑ A7100 | Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 | Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070 | Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 | Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 | Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 | Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 | Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 | Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 | Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 | Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 | Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

| SHORT TITLE: Bowller v. Covit, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation         Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Bowller v. Covit, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Bowller v. Covit, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐ 9. ☐ 10. ☒ 11. | ADDRESS:<br>  20000 Block of Vermont Ave. at the intersection with Del Amo Blvd.<br>33.84622, -118.29032 |
|---|---|

| CITY:<br>Hawthorne | STATE:<br>CA | ZIP CODE:<br>90502 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: October 2, 2020 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIV-050**

### - DO NOT FILE WITH THE COURT-
### -UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):*  **TELEPHONE NO.:** **(310) 827-7171** <br> David M. Shaby II & Associates <br> 11949 Jefferson Blvd., #104 <br> Culver City, CA 90230 <br> ATTORNEY FOR *(name):* Plaintiff, Gordon Bowller | FOR COURT USE ONLY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF: Gordon Bowller
DEFENDANT: Kasmit Covit, et al.

| STATEMENT OF DAMAGES <br> (Personal Injury or Wrongful Death) | CASE NUMBER: <br> 20STCV38039 |
|---|---|

To *(name of one defendant only)* Kasmit Covit
Plaintiff *(name of one plaintiff only)*: Gordon Bowller
seeks damages in the above-entitled action, as follows:

**AMOUNT**

**1. General damages**

a. ☑ Pain, suffering, and inconvenience ......................................................... $1,000,000.00

b. ☑ Emotional distress. ......................................................................... $500,000.00

c. ☐ Loss of consortium ........................................................................ $ _____

d. ☐ Loss of sociey and companionship *(wrongful death actions only)* ......... $ _____

e. ☐ Other *(specify)* .......................................................................... $ _____

f. ☐ Other *(specify)* .......................................................................... $ _____

g. ☐ Continued on Attachment 1.g.

**2. Special damages**

a. ☑ Medical expenses *(to date)* ............................................................ $100,000+

b. ☑ Future medical expenses *(present value)* ....................................... $2,000,000

c. ☑ Loss of earnings *(to date)* ............................................................ $250,000

d. ☐ Loss of future earning capacity *(present value)* ............................. $ _____

e. ☐ Property damage .......................................................................... $ _____

f. ☐ Funeral expenses *(wrongful death actions only)* ........................... $ _____

g. ☐ Future contributions *(present value) (wrongful death actions only)* ...... $ _____

h. ☐ Value of personal service, advice, or training *(wrongful death actions only)* .... $ _____

i. ☐ Other *(specify)* .......................................................................... $ _____

j. ☐ Other *(specify)* .......................................................................... $ _____

k. ☐ Continued on Attachment 2.k.

**3.** ☐ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ _____
when pursuing a judgment in the suit filed against you.

Date: January 18, 2022

David M. Shaby II
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use <br> Judicial Council of California <br> CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115 <br> www.courtinfo.ca.gov

**CIV-050**

| | |
|---|---|
| PLAINTIFF: Gordon Bowller | CASE NUMBER: |
| DEFENDANT: Kasmit Covit, et al. | 20STCV38039 |

**PROOF OF SERVICE**

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☐ Statement of Damages ☐ Other *(specify)*:

   b. on *(name)*:
   c. by serving ☐ defendant ☐ other *(name and title or relationship to person served)*:

   d. ☐ by delivery ☐ at home ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box)*:
   a. ☐ **Personal service. By personally delivering copies. (CCP § 415.10)**
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(b)) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**

   d. ☐ **Mail and acknowledgment service.** By mailing (by first- class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) **(Attach completed acknowledgment of receipt.)**

   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**

   f. ☐ Other *(specify code section)*:
      ☐ additional page is attached.
3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES**<br><br>COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012<br><br>**NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br>**10/02/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _H. Flores-Hernandez_ Deputy |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>20STCV38039 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Daniel M. Crowley | 28 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on _10/05/2020_
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By _H. Flores-Hernandez_ , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

2018-SJ-007-00

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FILED**
Superior Court of California
County of Los Angeles

**APR 16 2018**

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Stephanie Chung

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE PERSONAL INJURY
COURT ("PI COURT")  PROCEDURES,
**CENTRAL DISTRICT**
(EFFECTIVE APRIL 16, 2018)

_____

) CASE NO.: 20STCV38039
)
) STANDING ORDER RE:  PERSONAL
) INJURY PROCEDURES, CENTRAL
) DISTRICT
)
)

<u>**DEPARTMENT:**</u> *28* 2☐   3☐   4☐   5☐ 7☐

<u>**FINAL STATUS CONFERENCE ("FSC"):**</u>

- **DATE:** _____03/18/2022_____ AT 10:00 A.M.

<u>**TRIAL:**</u>

- **DATE:** _____04/01/2022_____ AT 8:30 A.M.

<u>**OSC RE DISMISSAL (CODE CIV. PROC., § 583.210):**</u>

- **DATE:** _____09/29/2023_____ AT 8:30 A.M.

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") **HEREBY AMENDS AND SUPERSEDES THE AUGUST 10, 2017 SEVENTH AMENDED GENERAL ORDER AND, GENERALLY, ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS FILED IN THE CENTRAL DISTRICT.**

Page 1 of 8

1.     To ensure proper assignment to a PI Court, Plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109).  The Court defines "personal injury" as:

> "an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition."   (Local Rule 2.3(a)(1)(A).)

    Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) check any of the following boxes in the Civil Case Cover Sheet Addendum:

> A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death
> A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist
> A7260 Product Liability (not asbestos or toxic/environmental)
> A7210 Medical Malpractice – Physicians & Surgeons
> A7240 Medical Malpractice – Other Professional Health Care Malpractice
> A7250 Premises Liability (e.g., slip and fall)
> A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)
> A7220 Other Personal Injury/Property Damage/Wrongful Death

    The Court will not assign cases to the PI Courts if plaintiff(s) check any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

///

Standing Order Re Personal Injury Procedures, Central District

1    The Court sets the above dates in this action in the PI Court circled above (Department

2    2, 3, 4, 5, or 7) at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA 90012.

3    (C.R.C. Rules 3.714(b)(3), 3.729.)

4    **FILING OF DOCUMENTS**

5    2.      Parties may file documents in person at the filing window on the first floor of the Stanley

6    Mosk Courthouse (111 N. Hill Street, Los Angeles, CA 90012) or by U.S. Mail or e-Delivery,

7    which is available online at _www.lacourt.org_ (link on homepage). Please note that filings are no

8    longer accepted via facsimile and must be filed either in person, via U.S. mail or via e-Delivery.

9    Claims involving an attorney-client fee dispute, documents in which the filing party is a minor,

10   legally incompetent person, or person for whom a conservator has been appointed, requests to

11   waive court fees (FW-001) and requests for accommodations by persons with disabilities (MC-

12   410), may not be filed via e-Delivery.

13   **SERVICE OF SUMMONS AND COMPLAINT**

14   3.      Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as

15   soon as possible but no later than three years from the date when the complaint is filed.

16   (C.C.P. § 583.210, subd.(a).)   On the OSC re Dismissal date noted above, the PI Court will

17   dismiss the action and/or all unserved parties unless the plaintiff(s) show cause why the action

18   or the unserved parties should not be dismissed. (C.C.P. §§ 583.250; 581, subd. (b)(4).)

19   4.      The Court sets the above trial and FSC dates on condition that plaintiff(s) effectuate

20   service on defendant(s) of the summons and complaint within six months of filing the complaint.

21   5.      The PI Court will dismiss the case without prejudice pursuant to C.C.P. § 581 when no

22   party appears for trial.

23   **STIPULATIONS TO CONTINUE TRIAL**

24   6.      Provided that all parties agree (and there is no violation of the "five-year rule," C.C.P.

25   § 583.310), the parties may advance or continue any trial date in the PI Courts without showing

26   good cause or articulating any reason or justification for the change.   To continue or advance a

27   trial date, the parties (or their counsel of record) should jointly execute and submit (at the filing

20   window on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery; fee

**Page 3 of 8**

1   required) a Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form

2   LACIV CTRL-242, available on the court's website, Personal Injury Court link).  The PI Courts

3   schedule FSCs for 10:00 a.m., eight (8) court days before the trial date.  Parties seeking to

4   continue the trial and FSC dates shall file the Stipulation at least eight court days before the FSC

5   date.  Parties seeking to advance the trial and FSC dates shall file the Stipulation at least eight

6   court days before the proposed advanced FSC date. (C.C.P. § 595.2;  Govt. Code § 70617, subd.

7   (c)(2).)  In selecting a new trial date, parties should avoid setting on any Monday, or the Tuesday

8   following a court holiday.  Parties may submit a maximum of two stipulations to continue trial,

9   for a total continuance of six months. Subsequent requests to continue trial will be granted upon

10  a showing of good cause by noticed motion.  This rule is retroactive so that any previously

11  granted stipulation to continue trial will count toward the maximum number of allowed

12  continuances.

13  **NO CASE MANAGEMENT CONFERENCES**

14  7.       The PI Courts do not conduct Case Management Conferences.  The parties need not file

15  a Case Management Statement.

16  **LAW AND MOTION**

17  8.       Any documents with declarations and/or exhibits must be tabbed.   (C.R.C. Rule

18  3.1110(f).)  All depositions excerpts referenced in briefs must be marked on the transcripts

19  attached as exhibits.  (C.R.C. Rule 3.1116(c).)

20  **CHAMBERS COPIES REQUIRED**

21  9.       In addition to filing original motion papers at the filing window on the first floor of the

22  Stanley Mosk Courthouse, via U.S. mail or via e-Delivery, the parties must deliver, directly to

23  the PI Court courtrooms at the Spring Street Courthouse, an extra copy (marked "Chambers

24  Copy") of reply briefs and all other motion papers filed less than seven (7) court days before a

25  hearing calendared in the PI Courts. The PI Courts also strongly encourage the parties filing and

26  opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one

27  or more three-ring binders organizing the chambers copy behind tabs.

28  ///

**RESERVATION HEARING DATE**

10.     Parties are directed to reserve hearing dates for motions in the PI Courts using the Court Reservation System (CRS) available online at *www.lacourt.org* (link on homepage).  After reserving a motion hearing date, the reservation requestor must submit the papers for filing with the reservation receipt (CRS) number printed on the face page of the document under the caption and attach the reservation receipt as the last page.  Parties or counsel who are unable to utilize the online CRS may reserve a motion hearing date by calling the PI Court courtroom, Monday through Friday, between 3:00 p.m. and 4:00 p.m.

**WITHDRAWAL OF MOTIONS**

11.     California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the PI Courts urge parties who amend pleadings in response to demurrers to file amended pleadings before the date when opposition to the demurrer is due so that the PI Courts do not needlessly prepare tentative rulings on demurrers.

**DISCOVERY MOTIONS**

12.     The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to resolve and/or narrow the scope of discovery disputes.  Lead trial counsel on each side, or another attorney with full authority to make binding agreements, must attend in person.  The PI judges have found that, in nearly every case, the parties amicably resolve disputes with the assistance of the Court.

13.     Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to Discovery will be heard unless the moving party submits evidence, by way of declaration, that the opposing party has failed or refused to participate in an IDC.  Scheduling or participating in an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for noticing and filing discovery motions.  Ideally, the parties should participate in an IDC before a motion is filed because the IDC may avoid the necessity of a motion or reduce its scope.  Because of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for filing a motion to compel further discovery responses in order to allow time to participate in an

Standing Order Re Personal Injury Procedures, Central District

1 | IDC.

2 |      If parties do not stipulate to extend the deadlines, the moving party may file the motion

3 | to avoid it being deemed untimely.   However, the IDC must take place before the motion is

4 | heard so it is suggested that the moving party reserve a date for the motion hearing that is at least

5 | 60 days after the date when the IDC reservation is made.  Motions to Compel Further Discovery

6 | Responses are heard at 10:00 a.m.  If the IDC is not productive, the moving party may advance

7 | the hearing on a Motion to Compel Further Discovery Responses on any available hearing date

8 | that complies with the notice requirements of the Code of Civil Procedure.

9 | 14.    Parties are directed to reserve IDC dates in the PI Courts using CRS available online at

10 | www.lacourt.org (link on homepage).  Parties are to meet and confer regarding the available

11 | dates in CRS prior to accessing the system.  After reserving the IDC date, the reservation

12 | requestor must file in the appropriate department and serve an Informal Discovery Conference

13 | Form for Personal Injury Courts, from LACIV 239 (revised 12/14 or later), at least 15 court days

14 | prior to the conference and attach the CRS reservation receipt as the last page.  The opposing

15 | party may file and serve a responsive IDC form, briefly setting forth that party's response, at

16 | least 10 court days prior to the IDC.

17 | 15.    Time permitting, the PI Hub judges may be available to participate in IDCs to try to

18 | resolve other types of discovery disputes.

19 | **EX PARTE APPLICATIONS**

20 | 16.    Under the California Rules of Court, courts may only grant *ex parte* relief upon a

21 | showing, by admissible evidence, that the moving party will suffer "irreparable harm,"

22 | "immediate danger," or where the moving party identifies "a statutory basis for granting relief

23 | ex parte." (C.R.C. Rule 3.1202(c).) The PI Courts have no capacity to hear multiple *ex parte*

24 | applications or to shorten time to add hearings to their fully booked motion calendars.  The PI

25 | Courts do not regard the Court's unavailability for timely motion hearings as an "immediate

26 | danger" or threat of "irreparable harm" justifying *ex parte* relief.  Instead of seeking *ex parte*

27 | relief, the moving party should reserve the earliest available motion hearing date (even if it is

28 | after the scheduled trial date) and should file a motion to continue trial.  Parties should also check

Standing Order Re Personal Injury Procedures, Central District

the Court Reservation System from time to time because earlier hearing dates may become available as cases settle or hearings are taken off calendar.

**REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

17.     Parties seeking to transfer a case from a PI Court to an Independent Calendar ("I/C") Court shall file (at the filing window on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery) and serve the Court's "Motion to Transfer Complicated Personal Injury Case to Independent Calendar Court" (form LACIV 238, available on the Court's website under the PI Courts link).   The PI Courts will transfer a matter to an I/C Court if the case is not a "Personal Injury" case as defined in this Order, or if it is "complicated." In determining whether a personal injury case is "complicated" the PI Courts will consider, among other things, the number of pretrial hearings or the complexity of issues presented.

18.     Parties opposing a motion to transfer have five court days to file (at the filing window on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery) an Opposition (using the same LACIV 238 Motion to Transfer form).

19.     The PI Courts will not conduct a hearing on any Motion to Transfer to I/C Court. Although the parties may stipulate to transfer a case to an Independent Calendar Department, the PI Courts will make an independent determination whether to transfer the case or not.

**FINAL STATUS CONFERENCE**

20.     Parties shall comply with the requirements of the PI Courts' "First Amended Standing Order Re Final Status Conference," which shall be served with the summons and complaint.

**JURY FEES**

21.     Parties must pay jury fees no later than 365 calendar days after the filing of the initial complaint. (C. C. P. § 631, subds. (b) and (c).)

**JURY TRIALS**

22.     The PI Courts do not conduct jury trials.  On the trial date, a PI Court will contact the Master Calendar Court, Department One, in the Stanley Mosk Courthouse.  Department One will assign cases out for trial to dedicated Civil Trial Courtrooms and designated Criminal Courtrooms.

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

**SANCTIONS**

23.    The Court has discretion to impose sanctions for any violation of this general order.

(C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b).)

Dated: *April 16, 2018*

*Debre K Weintraub*

Debre K. Weintraub
Supervising Judge of Civil Courts
Los Angeles Superior Court

Standing Order Re Personal Injury Procedures, Central District

**FILED**
Superior Court of California
County of Los Angeles

**FEB 24 2020**

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Lorenia Albino

2020-SJ-004-00

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO THE PERSONAL INJURY COURTS AT THE SPRING STREET COURTHOUSE | THIRD AMENDED STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS (Effective January 13, 2020) |

The dates for Trial and the Final Status Conference ("FSC") having been set in this matter, the **COURT HEREBY AMENDS AND SUPERSEDES ITS** August 9, 2019 **STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:**

## 1.    PURPOSE OF THE FSC

The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict. The PI Courts will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions in limine, and the authentication and admissibility of exhibits.

///

///

///

Page 1 of 5

2.    **TRIAL DOCUMENTS TO BE FILED**

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file the following Trial Readiness Documents:

A.    **TRIAL BRIEFS (OPTIONAL)**

Each party/counsel may, but is not required to, file a trial brief succinctly identifying:

(1) the claims and defenses subject to litigation;

(2) the major legal issues (with supporting points and authorities);

(3) the relief claimed and calculation of damages sought; and

(4) any other information that may assist the court at trial.

B.    **MOTIONS IN LIMINE**

Before filing motions in limine, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a).  The caption of each motion in limine shall concisely identify the evidence that the moving party seeks to preclude.  Parties filing more than one motion in limine shall number them consecutively.  Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

C.    **JOINT STATEMENT TO BE READ TO THE JURY**

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury (Local Rule 3.25(g)(4)).

D.    **JOINT WITNESS LIST**

The parties/counsel shall work together to prepare and file a joint list of all witnesses that each party intends to call, excluding impeachment and rebuttal witnesses (Local Rule 3.25(g)(5)).  The joint witness list shall identify each witness by name, specify which witnesses are experts, estimate the length of the direct, cross examination and re-direct examination (if any) of each, and include a total of the number of hours for all witness testimony.  The parties/counsel shall identify all potential witness scheduling issues and special requirements.  Any party/counsel who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause to the trial court.

**E.    LIST OF PROPOSED JURY INSTRUCTIONS**
**(JOINT AND CONTESTED)**

The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, specifying the instructions upon which all sides agree and the contested instructions, if any.  The List of Proposed Jury Instructions must include a space by each instruction for the judge to indicate whether the instruction was given.

**F.    JURY INSTRUCTIONS**
**(JOINT AND CONTESTED)**

The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all proposed California Civil Jury Instructions and insert party name(s) and eliminate blanks, brackets, and irrelevant material.  The parties/counsel shall prepare special instructions in a format ready for submission to the jury with the instruction number, title, and text only (i.e., there should be no boxes or other indication on the printed instruction itself as to the requesting party).

**G.    JOINT VERDICT FORM(S)**

The parties/counsel shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all sides (Local Rule 3.25(g)(8)).  If the parties/counsel cannot agree on a joint verdict form, each party must separately file a proposed verdict form.

**H.    JOINT EXHIBIT LIST**

The parties/counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit.  The parties/counsel shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

**I.    PAGE AND LINE DESIGNATION FOR**
**DEPOSITION AND FORMER TESTIMONY**

If the parties/counsel intend to use deposition testimony or former trial testimony in lieu of any witness's live testimony, the parties/counsel shall meet and confer and jointly prepare and file a chart with columns for each of the following:  1) the page and line designations of the deposition or

Page 3 of 5

1    former testimony requested for use, 2) objections, 3) counter-designations, 4) any responses thereto,

2    and 5) the Court's ruling.

3    **3.   EVIDENTIARY EXHIBITS**

4         The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at

5    the FSC) three sets of tabbed, internally paginated by document, and properly-marked exhibits,

6    organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the

7    witnesses).  The parties/counsel shall mark all non-documentary exhibits and insert a simple written

8    description of the exhibit behind the corresponding numerical tab in the exhibit binder.  If the parties

9    have a joint signed exhibit list and electronic copies of their respective exhibits, then the

10   parties/counsel will not be required to produce exhibit binders at the FSC.  However, the exhibit

11   binders will be required by the assigned trial judge when the trial commences.  In the absence of

12   either a joint signed exhibit list or electronic copies, exhibit binders will be required to be produced

13   by all parties/counsel at the FSC.

14   **4.   TRIAL BINDERS REQUIRED IN THE PI COURTS**

15        The parties/counsel shall jointly prepare (and be ready to temporarily lodge and include the

16   following for inspection at the FSC) the Trial Documents consisting of conformed copies (if

17   available), tabbed and organized into three-ring binders with a table of contents that includes the

18   following:

19        Tab A:      Trial Briefs (Optional)

20        Tab B:      Motions in Limine

21        Tab C:      Joint Statement to Be Read to the Jury

22        Tab D:      Joint Witness List

23        Tab E:      Joint List of Jury Instructions (identifying the agreed upon and contested

24                    instructions)

25        Tab F:      Joint and Contested Jury Instructions

26        Tab G:      Joint and/or Contested Verdict Form(s)

27        Tab H:      Joint Exhibit List

28

THIRD AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective January 13, 2020)

Tab I:      Joint Chart of Page and Line Designation(s) for Deposition and
           Former Testimony

Tab J:      Copies of the Current Operative Pleadings (including the operative complaint,
           answer, cross-complaint, if any, and answer to any cross-complaint).

The parties/counsel shall organize motions in limine (tabbed in numerical order) behind Tab
B with the opposition papers and reply papers for each motion placed directly behind the moving
papers. The parties shall organize proposed jury instructions behind Tab F, with the agreed upon
instructions first in order followed by the contested instructions (including special instructions)
submitted by each side.

**5.     FAILURE TO COMPLY WITH FSC OBLIGATIONS**

The court has discretion to require any party/counsel who fails or refuses to comply with this
Amended Standing Order to Show Cause why the Court should not impose monetary, evidentiary
and/or issue sanctions (including the entry of a default or the striking of an answer).

Dated: _Feb. 24, 2020_                        _[signature]_

SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

Page 5 of 5

2020-SJ-003-00

**FILED**
Superior Court of California
County of Los Angeles

FEB 24 2020

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Lorena Albino

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO PERSONAL INJURY COURTROOMS AT THE SPRING STREET COURTHOUSE | ) FIFTH AMENDED STANDING ORDER ) RE: MANDATORY SETTLEMENT ) CONFERENCE ) (Effective February 24, 2020) ) |

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

**Pursuant to California Code of Civil Procedure, the California Rules of Court and the Los Angeles Court Rules, the Los Angeles Superior Court ("Court") HEREBY AMENDS AND SUPERSEDES THE September 26, 2019 FOURTH AMENDED STANDING ORDER, AND THE COURT HEREBY ISSUES THE FOLLOWING FIFTH AMENDED STANDING ORDER:**

The Court orders the parties to participate in a Mandatory Settlement Conference ("MSC") supervised by a Personal Injury Court Judge and staffed by volunteer settlement attorneys from the American Board of Trial Advocates, the Association of Southern California Defense Counsel, and the Consumer Attorneys Association of Los Angeles.

1. Plaintiff's counsel shall, within two (2) court days of the Court's order of an MSC, access the Consumer Attorneys Association of Los Angeles ("CAALA") website, at www.caala.org, and under "The LASC COURT CONNECTION" click on "LA Superior Court PI MSC (Parties)," to register and schedule a mutually agreed upon time for the MSC prior to the trial date.

2. A mandatory settlement conference statement shall be served on all parties not less than five (5) court days before the scheduled MSC. Parties' counsel shall serve

1

FIFTH AMENDED STANDING ORDER – MANDATORY SETTLEMENT CONFERENCE

2020-SJ-003-00

1   opposing counsel, CAALA at stuart@caala.org, and the Court by email.   Email

2   addresses for the PI courtrooms can be found on the Court's website at

3   www.lacourt.org, under "*Division*" go to "*Civil*", then go to "*General Jurisdiction*

4   *PI Court*" then click on "*PI Courtroom Email Addresses*".  CAALA will forward

5   the mandatory settlement conference statements to the settlement attorneys.

6   3.   Pursuant to California Rules of Court, Rule 3.1380(b) and Los Angeles Superior

7        Court Rule 3.25(d), trial counsel, the parties and persons, including insurance

8        company representatives with full settlement authority, must attend in person unless

9        the settlement judge excuses personal appearance for good cause.

10  4.   If the case settles prior to the scheduled MSC, Plaintiff's counsel shall notify the

11       specific Courtroom, forthwith, of such settlement by email and also CAALA by email

12       to stuart@caala.org.

13  5.   Parties and counsel are ordered to appear in in the assigned Personal Injury

14       Courtroom at the scheduled time and date of the MSC as selected by the parties'

15       counsel.

16  6.   The Court has the discretion to require any party and/or counsel who fails or refuses

17       to comply with this order to show cause why the Court should not impose monetary

18       sanctions.

19

20

21  Dated:  *Feb. 24, 2020*

22                                          SAMANTHA P. JESSNER
                                            Supervising Judge of Civil Courts
23

24

25

26

27

28

2

FIFTH AMENDED STANDING ORDER – MANDATORY SETTLEMENT CONFERENCE

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at ***www.lacourt.org*** under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".
(INSERT DATE)         (INSERT DATE)

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                                    (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                                    (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                                    (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                                    (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                                    (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                                    (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                                    (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:              FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

     iii.   Be filed within two (2) court days of receipt of the Request; and

     iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

    ☐   Request for Informal Discovery Conference
    ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

---

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

 **Superior Court of California, County of Los Angeles**

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
   - **JAMS, Inc.** Senior Case Manager mbinder@jamsadr.com (310) 309-6204
   - **Mediation Center of Los Angeles (MCLA)** Program Manager info@mediationLA.org (833) 476-9145
     Only MCLA provides mediation in person, by phone and by videoconference.

   These organizations cannot accept every case and they may decline cases at their discretion.
   Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
   NOTE: This program does not accept family law, probate, or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
   https://wdacs.lacounty.gov/programs/drp/
   - Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil.
     - Free, day-of-trial mediations at the courthouse. No appointment needed.
     - Free or low-cost mediations before the day of trial.
     - For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit:
       http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

---

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit **http://www.lacourt.org/division/civil/CI0047.aspx**

**Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/CI0109.aspx**
**For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm**

LASC CIV 271 Rev. 01/20
For Mandatory Use

# EXHIBIT "B"

Electronically FILED by Superior Court of California, County of Los Angeles on 02/18/2022 04:27 PM Sherri R. Carter, Executive Officer/Clerk of Court, by V. Delgadillo,Deputy Clerk

1  BRIAN W. SKALSKY (SBN 277883)
    *brian.skalsky@fmglaw.com*

2  **FREEMAN MATHIS & GARY, LLP**
    3030 Old Ranch Parkway, Suite 200

3  Seal Beach, California 90740
    Tel:  (562) 583-2124

4  Fax:  (424) 350-3842

5  *Attorneys for Defendants*
    KASMIT COVIT and AUTOZONE PARTS, INC.

6

7         **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

8         **COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

9

10  GORDON BOWLLER,

11           Plaintiff,

12      v.

13  KASMIT COVIT, AUTOZONE PARTS,
    INC., and DOES 1 through 10,

14

15           Defendants.

Case No. 20STCV38039
*Judge: Hon. Daniel M. Crowley, Dept. 28*

**DEFENDANTS KASMIT COVIT AND
AUTOZONE PARTS, INC.'S ANSWER**

Complaint Filed:   10/02/2020
Trial Date:          04/01/2022

16      Pursuant to Sections 431.10, *et seq.*, of the California Code of Civil Procedure,

17  Defendants KASMIT COVIT and AUTOZONE PARTS, INC. ("Defendants") answer the

18  Complaint of Plaintiff GORDON BOWLLER ("Plaintiff").  Defendants deny, both generally

19  and specifically, each and every allegation of the Complaint and deny that Plaintiff is entitled to

20  any relief whatsoever.

21                **<u>AFFIRMATIVE DEFENSES</u>**

22      Defendants plead the following separate affirmative defenses to the Complaint and to the

23  purported causes of action set forth therein.  Defendants reserve the right to assert additional

24  affirmative defenses that discovery indicates are proper.

25  / / /

26  / / /

27  / / /

28  / / /

*Left margin:* **FREEMAN MATHIS & GARY, LLP**
550 South Hope Street, 22ⁿᵈ Floor
Los Angeles, California 90071

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1.      As a separate and first affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendants allege that the Complaint fails to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

2.      As a separate and second affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that the purported causes of action asserted in the Complaint are barred by such statutes of limitation as may be applicable, including, but not limited to, California *Code of Civil Procedure* Sections 335, 335.1, 336, 337, 338, 339, 340, 340.5, 340.9, 343, 344 and 474.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

3.      As a separate and third affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff's claims, if any, are barred for their failure, and/or the failure of the persons and/or entities acting on their behalf, to mitigate any purported damages.

**FOURTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

4.      As a separate and fourth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff's damages, if any, were caused by the primary negligence and/or acquiescence in the acts and omissions alleged in the Complaint by Plaintiff, and Plaintiff's agents, employees, representatives, relatives, heirs, assigns, attorneys, and/or any others acting on Plaintiff's behalf.  By reason thereof, Plaintiff is not entitled to damages or any other relief whatsoever as against Defendants.

/ / /

/ / /

**FREEMAN MATHIS & GARY, LLP**
550 South Hope Street, 22nd Floor
Los Angeles, California 90071

**DEFENDANTS KASMIT COVIT AND AUTOZONE PARTS, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT**

FREEMAN MATHIS & GARY, LLP
550 South Hope Street, 22nd Floor
Los Angeles, California 90071

## FIFTH AFFIRMATIVE DEFENSE

### (Comparative Fault of Others)

5.      As a separate and fifth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants are informed and believe, and based upon such information and belief allege that parties, both served and unserved, named and unnamed, and the Plaintiff are in some manner a certain percentage responsible for the Plaintiff's non-economic damages, if any, and these answering Defendants require an order from the trier of fact setting forth separate judgments, against each and every party, named and unnamed, served and unserved, and the Plaintiff, for the amount of all non-economic damages that may be recovered by the Plaintiff in direct proportion to the percentage of fault of each party, named and unnamed, served and unserved, and the Plaintiffs, pursuant to California *Civil Code* § 1431.2.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

6.      As a separate and sixth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

### (Justification/Excuse)

7.      As a separate and seventh affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that by virtue of the acts of Plaintiff, and/or the persons and/or entities acting on his behalf, Plaintiff is barred from prosecuting the purported causes of action set forth in the Complaint because the acts and/or omissions alleged in the Complaint were justified and/or excused.

/ / /

/ / /

/ / /

DEFENDANTS KASMIT COVIT AND AUTOZONE PARTS, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

8.     As a separate and eighth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (Offset)

9.     As a separate and ninth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that by virtue of the acts of Plaintiff and/or the persons and/or the entities acting on Plaintiff's behalf, Defendants have been damaged in an amount equal to or greater than the amount of damages, if any, to which Plaintiff might be entitled.  As a result, Defendants are entitled to an offset against any sums found owing to Defendants from Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

### (Waiver)

10.     As a separate and tenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the doctrine of waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Maintain Automobile Liability Insurance)

11.     As a separate and eleventh affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff failed to maintain automobile liability insurance and is precluded from seeking general damages in this lawsuit.

/ / /

/ / /

/ / /

FREEMAN MATHIS & GARY, LLP
550 South Hope Street, 22nd Floor
Los Angeles, California 90071

DEFENDANTS KASMIT COVIT AND AUTOZONE PARTS, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT

**TWELFTH AFFIRMATIVE DEFENSE**

**(Last Clear Chance Doctrine)**

12.     As a separate and twelfth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff had the last clear chance to avoid the collision and on that basis is precluded from any recovery in this lawsuit.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Right to Amend Answer)**

13.     As a separate and thirteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants intend to rely upon such other defenses as may become legally available hereafter or become apparent during discovery proceedings in this case, and hereby reserves their right to amend their Answer to assert any such defenses.

**WHEREFORE,** Defendants pray for relief as follows:

1.     That the Complaint be dismissed, with prejudice and in its entirety;

2.     That Plaintiff take nothing by reason of this Complaint and that judgment be entered against Plaintiff and in favor of Defendants;

3.     That Defendants be awarded attorneys' fees and costs incurred in defending this action; and

4.     That Defendants be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: February 18, 2022                **FREEMAN MATHIS & GARY, LLP**

By: _____

Brian W. Skalsky, Esq.
*Attorneys for Defendant*
KASMIT COVIT and
AUTOZONE PARTS, INC.

**FREEMAN MATHIS & GARY, LLP**
550 South Hope Street, 22ⁿᵈ Floor
Los Angeles, California 90071

DEFENDANTS KASMIT COVIT AND AUTOZONE PARTS, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT

Case No. 20STCV38039

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I am employed in the County of Orange, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 3030 Old Ranch Parkway, Suite 200, Seal Beach, CA 90740-2713.

    On the date set forth below, I served the following document(s) described as **DEFENDANTS KASMIT COVIT AND AUTOZONE PARTS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** on the interested parties in this action as follows:

| | |
|---|---|
| David M. Shaby II | **ATTORNEYS FOR PLAINTIFF** |
| Christopher Harshman | **GORDON BOWLER** |
| DAVID M. SHABY II & ASSOCIATES | |
| 11949 Jefferson Blvd., Suite 104 | |
| Culver City, CA 90230 | |
| (310) 827-7171 | |
| david@ds4law.com | |

[   ]    BY U.S. MAIL I deposited such envelope in the mail at Seal Beach, California with postage thereon fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[   ]    BY PERSONAL SERVICE I caused such envelope to be delivered by hand via messenger service to the address above.

[   ]    BY EMAIL I caused a copy of the document(s) to be sent by email from the email address jackie.struck@fmglaw.com to the persons at the email addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or any other indication that the transmission was unsuccessful.

**[X]**    BY ELECTRONIC SERVICE I electronically served the attached documents(s) on each party or other person that is required to be served and accept service of documents electronically pursuant to Code of Civil Procedure section 1010.6(4).

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on February 18, 2022, at Seal Beach, California.

*Jackie Struck*
_____
Jackie Struck

FREEMAN MATHIS & GARY, LLP
550 South Hope Street, 22nd Floor
Los Angeles, California 90071

**DEFENDANTS KASMIT COVIT AND AUTOZONE PARTS, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Case No. 20STCV38039

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I am employed in the County of Orange, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 550 S. Hope St., Ste. 2200, Los Angeles, CA 90071.

    On the date set forth below, I served the following document(s) described as **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441** on the interested parties in this action as follows:

David M. Shaby II                                  **ATTORNEYS FOR**
Christopher Harshman                          **PLAINTIFF GORDON**
DAVID M. SHABY II & ASSOCIATES    **BOWLLER**
11949 Jefferson Blvd., Suite 104
Culver City, CA 90230
(310) 827-7171
david@ds4law.com
docket@shabyandassociates.com

[ ]    BY U.S. MAIL I deposited such envelope in the mail at Seal Beach, California with postage thereon fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[**X**]    BY ELECTRONIC SERVICE I electronically served the attached documents(s) on each party or other person that is required to be served and accept service of documents electronically pursuant to Code of Civil Procedure section 1010.6(4).

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on January 10, 2023, at Los Angeles, California.

Amber Taylor

*Left margin:* FREEMAN MATHIS & GARY, LLP
550 South Hope Street, 22nd Floor
Los Angeles, California 90071